IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LLOYD PRUDENZA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **No. 10-CV-868-WDS** |
| | ) | **No. 04-CR-30111-WDS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner Lloyd Prudenza's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the Government has responded (Doc. 3) and petitioner has replied (Doc. 4).

Before moving ahead, the Court notes that a letter from petitioner to the undersigned district judge has been filed as a "Motion for Conditions of Confinement" (Doc. 5). In the letter, petitioner asks the undersigned to call the prison and ask them not to transfer him, he suggests a doctor is retaliating against him for filing for administrative remedies, and he asks whether public court files can be sealed. Petitioner's letter was filed as a motion by mistake and should have been returned to him. This case addresses petitioner's motion to vacate, set aside, or correct his sentence—the Court may only grant relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner's letter does not pertain to those grounds. The Clerk is **DIRECTED** to strike it from the docket (Doc. 5).

Petitioner, who is a Canadian national, pleaded guilty on February 27, 2008, to one count of conspiracy to defraud the United States, five counts of mail fraud, and eighteen counts of wire fraud, all in connection with telemarketing. He was sentenced to 180 months in prison and ordered to pay $5,558,392.21 in restitution (Docs. 219, 225, No. 04-CR-30111). He did not appeal.

Petitioner filed this motion under § 2255 on October 26, 2010, asserting four grounds for relief: (1) ineffective assistance of counsel relating to his Rule 35 motion (he refers to a "Lorader issue"), (2) lack of notice of "new information" relied on by the Court "during proceedings," (3) analogy between a sentence reduction under 18 U.S.C. § 3582(c)(2) and a Rule 35 motion, making a sentence reduction appropriate, and (4) violation of due process "during applicable outside formal criminal prosecution." His motion notes that it is untimely due to his having filed for a treaty transfer to Canada.

The Court agrees that the motion is untimely. Petitioner was sentenced and judgment entered on December 15, 2008. A motion under § 2255 is subject to a one-year period of limitations, which generally begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not appeal, his conviction becomes final when the time for filing an appeal expires. *Clarke v. United States*, No. 12-1728, 2013 WL 85935, at *2 (7th Cir. Jan. 9, 2013); *Kapral v. United States*, 166 F.3d 565, 577 (3rd Cir. 1999); *see also Clay v. United States*, 537 U.S. 522, 527 (2003). In 2008, a defendant had 10 days to file an appeal. *See Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011); CHARLES ALAN WRIGHT ET AL., 16A FED. PRAC. & PROC. JURIS. § 3950.8 (4th ed.) (noting the change in 2009 from 10 to 14 days). So, after judgment was entered here, on December 15, 2008, petitioner had 10 days to file a notice of appeal. Ten days later was Thursday, December 25, the Christmas holiday. The next day not a legal holiday was Friday, December 26.[1] Petitioner, then, had one year from that day,

---

[1] *See* Fed. R. Civ. P. 6(a)(1).

until December 26, 2009, to file his § 2255 motion. Since he did not file it until October 26, 2010, it is untimely.

Petitioner says he filed a request for a treaty transfer to Canada and that prisoners cannot have any motion filed in court during the treaty-transfer process. He does not support that assertion. Instead, he gives the following time line:

- December 2008: he was sentenced;
- April 2009: he was transferred to F.C.I. Butner Low;
- May 2009: his case manager processed his request;
- June 2009: his case manager resubmitted his request[2];
- June 2010: his request was denied.

Petitioner's request was denied because he had been transferred to Canada previously and reentered the United States, because he owed outstanding restitution, and because of the seriousness of his offense (Doc. 4, p. 12). Petitioner was informed that he could reapply for transfer in two years.

In the Government's response, it concludes that petitioner's motion is untimely under the plain language under § 2255(f)(1). Further, the Government believes the grounds of petitioner's motion do not fall within the other three sections of § 2255(f) that would delay the one-year period of limitations: an impediment created by governmental action, § 2255(f)(2); a right newly recognized by the Supreme Court, § 2255(f)(3); or when facts supporting his claim could have been discovered, § 2255(f)(4); *see also Keller v. United States*, 657 F.3d 675, 679 (7th Cir. 2011).

It turns out that petitioner is correct that prisoners cannot have any motion filed in court during the treaty-transfer process. "Treaty transfer" refers generally to the Convention on the Transfer of Sentenced Persons, March 1, 1983, 35 U.S.T. 2867, implemented at 18 U.S.C. §§ 4100–15; *United States v. Mallon*, 345 F.3d 943, 949 (7th Cir. 2003); *Scalise v. Thornburgh*, 891 F.2d 640, 642 (7th Cir. 1989). The Convention and statute provide for

---

[2] His application to the Correctional Service of Canada is signed June 18, 2009 (Doc. 4, Ex. A).

prisoners to serve their sentences in their home countries. *Mallon*, 345 F.3d at 949. They apply "only when a treaty providing for such transfer is in force" and "to transfers of offenders to and from a foreign country pursuant to such a treaty." 18 U.S.C. § 4100(a); *see also Austin v. U.S. Parole Comm'n*, 448 F.3d 197, 199–200 (2d Cir. 2006). In addition to the Convention, the United States has a treaty in place with Canada. *See* Treaty Between the United States of America and Canada on the Execution of Penal Sentences, U.S.-Can., March 2, 1977, 30 U.S.T. 6263. Under both the statute and the treaty with Canada, an applicant for a treaty transfer cannot be transferred while a collateral attack is pending. § 4100(c) ("An offender shall not be transferred to or from the United States if a proceeding by way of appeal or of collateral attack upon the conviction or sentence be pending."); Art. II(e), 30 U.S.T. 6263 ("That no proceeding by way of appeal or of collateral attack upon the Offender's conviction or sentence be pending in the Sending State … .").

      Therefore, petitioner's motion suggests that, since he could not file it while his treaty transfer was pending, his request for the transfer *equitably tolled* the time for filing his motion. Equitable tolling under § 2255 "is a remedy reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] … prevented timely filing.' Equitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (quoting *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)) (internal citations omitted); *Poe v. United States*, 468 F.3d 473, 477 n.5 (7th Cir. 2006).

      Under that high standard, the Court does **NOT FIND** that petitioner's desire to be transferred to a prison in Canada was an extraordinary circumstance beyond his control that prevented timely filing. He was not legally entitled to a transfer, and he could have applied for it at any time. In fact he was told he could reapply in two years. Accordingly, the period of limitations for filing his § 2255 motion was not tolled by his request for a

treaty transfer. Petitioner's motion to vacate, set aside, or correct his sentence is untimely and must be **DENIED**.[3]

The Court would add that petitioner's claims are difficult to understand and he would not be entitled to relief even if his motion had been timely filed. Petitioner's grounds for relief seem to be in relation to a Rule 35 motion and whether he had an opportunity to be heard, but no Rule 35 motion was filed in petitioner's criminal case. Perhaps he believes he is entitled to a Rule 35 motion. He mentions "new information" that the Court relied on "during proceedings," without saying what proceedings he means. "Rule 35" and "proceedings" might refer to his sentencing hearing. However the claims are construed, sentencing issues, as nonconstitutional issues, are waived because petitioner did not raise them in an appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). And petitioner also waives any constitutional claims, such as due process, because he does not demonstrate cause for not having raised them on appeal, or actual prejudice. *See id.* Petitioner can bring the claim of ineffective assistance of counsel in this motion, *see Massaro v. United States*, 538 U.S. 500, 509 (2003), but the motion is too unclear for the Court to assess his attorney's conduct under *Strickland v. Washington*, 466 U.S. 668 (1984).

Should petitioner wish to appeal this Court's ruling, he must secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2), which means, when the district court has denied the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

---

[3] The Court suggested in a recent order (Doc. 253, No. 04-CR-30111) that petitioner might seek leave to amend his § 2255 motion so that it contains all the claims he believes he has. Amendment could not remedy the timeliness issue, however, so petitioner may not amend the motion.

473, 484 (2000). It also means, when the district court has denied the motion on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). Each of those components is a threshold inquiry. *Id.* at 485.

Here, petitioner's motion was denied on procedural grounds, so he must make a showing both regarding the denial of a constitutional right and the Court's procedural ruling. On the procedural ruling, petitioner filed his motion well after the one-year period of limitations had expired, which he acknowledges. Whether a request for a treaty transfer could toll the time is a novel issue, but petitioner's decision to file that request before his § 2255 motion and await the outcome was completely up to him. The Court does not believe jurists of reason would find it debatable whether the Court was correct in those procedural rulings. Since that procedural component is a threshold inquiry, the Court need not decide whether a showing could be made regarding the denial of a constitutional right. A certificate of appealability will not be issued. If petitioner wishes to appeal, he may request that a circuit judge issue the certificate. *See* Fed. R. App. P. 22(b)(1).

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** as untimely. This case is **DISMISSED WITH PREJUDICE**. The Court declines to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: January 18, 2013**

                                                            **/s/ WILLIAM D. STIEHL**
                                                                **DISTRICT JUDGE**